Argued July 10, affirmed September 7, 1967

GURITZ, *Appellant, v.* FOSTER, *Respondent.*

431 P. 2d 6

*P. T. Washburn,* Roseburg, argued the cause for appellant. On the brief were Horn, Slocum & Washburn, Roseburg.

*Paul Geddes,* Roseburg, argued the cause for

respondent. With him on the brief were Geddes, Felker, Walton & Richmond, Roseburg.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN, HOLMAN and LUSK, Justices.

HOLMAN, J.

Plaintiff in this wrongful death action appeals from a judgment entered upon a verdict for defendant. The decedent, Mrs. Dorothy E. Guritz, was riding at the time of her death in a vehicle operated by the defendant, Mrs. Laretta Foster.

On a Sunday, Mr. and Mrs. Guritz and an acquaintance, Don Carter, visited the home of their friends, the defendant and her husband, Darrell Foster. At that time there was also present at defendant's home as visitors, Mr. and Mrs. Harold Foster, who were the brother and sister-in-law of defendant's husband. Both were strangers in the community. It was decided that Mr. and Mrs. Harold Foster should be shown a remote area of Douglas County called Cow Creek Canyon. The four men rode in a Jeep owned jointly by the decedent and Mr. Guritz, and the women rode in an International Scout owned by defendant and her husband and operated by defendant. While on the trip, the Scout skidded on a gravelled curve and upset, killing Mrs. Guritz.

■■ The court instructed the jury that decedent was a guest in defendant's vehicle and therefore, pursuant to ORS 30.115①, defendant was liable only if she

---

① 30.115 Motor vehicle, aircraft and watercraft guest passengers; definitions.

No person transported by the owner or operator of a motor vehicle, an aircraft, a watercraft, or other means of conveyance, as his guest without payment for such transportation, shall have a

was intoxicated or grossly negligent. Plaintiff claims this was error because in accordance with *Getchell v. Reilly,* 242 Or 263, 409 P2d 327 (1965) and *Spring v. Liles,* 236 Or 140, 387 P2d 578 (1963), there was sufficient evidence for the jury to find that defendant was receiving a substantial benefit, other than social, from decedent's presence in her vehicle and, therefore, that decedent was a passenger and not a guest. Plaintiff contends "The aim of the defendant in entertaining her house guest and in transporting her husband was being advanced by the presence of the decedent in the Scout vehicle." It is not clear how plaintiff claims that this was so. It can be argued that the use of decedent's Jeep to transport defendant's husband and brother-in-law was a substantial benefit to defendant, but, even if this is accepted, it is difficult to see how decedent's presence in defendant's vehicle aided this purpose. Decedent could just as easily have been riding in her Jeep in the place of Mr. Carter. The accommodation to defendant by giving defendant's husband and brother-in-law a ride would have been the same. Decedent's presence in the defendant's Scout was irrelevant to any favor that decedent could have been doing for defendant by way of allowing defendant's husband and guest to be transported in

cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication. As used in this section:

(1) "Payment" means a substantial benefit in a material or business sense conferred upon the owner or operator of the conveyance and which is a substantial motivating factor for the transportation, and it does not include a mere gratuity or social amenity.

(2) "Gross negligence" refers to negligence which is materially greater than the mere absence of reasonable care under the circumstances, and which is characterized by conscious indifference to or reckless disregard of the rights of others.

decedent's Jeep. The presence of decedent in defendant's vehicle was a typical example of the acceptance of an extension of hospitality for the sole purpose of the furtherance of a mutually desirable social relationship. This made decedent a guest. There was no error.

There are twelve other assignments of error. We have carefully examined each one. None of them has sufficient merit to justify an extended explanation.

The judgment of the trial court is affirmed.