Vernon L. LOUDON, Appellant,

v.

Morey J. HILL, Appellee.

No. 62765.

Supreme Court of Iowa.

Dec. 19, 1979.

John R. Ward and Philip C. Vonderhaar of Hedberg, Brick, Tan, Pratt & Ward, Des Moines, for appellant.

John B. Grier of Cartwright, Druker & Ryden, Marshalltown, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, ALLBEE and LARSON, JJ.

McCORMICK, Justice.

This appeal presents a jurisdictional problem and questions whether the evidence was sufficient for the jury to find that plaintiff was not a guest in defendant's automobile and that defendant was negligent. We hold that we have jurisdiction of the appeal, that the trial court erred in granting defendant's motion for judgment notwithstanding a jury verdict for plaintiff, and that the court was correct in overruling defendant's alternative motion for a new trial. Therefore we reverse in part and affirm in part.

■ *I. The jurisdictional problem.* We must address issues of subject matter jurisdiction when they appear, even though, as in this case, the issues have not been raised by the parties. *Qualley v. Chrysler Credit Corp.*, 261 N.W. 466, 468 (Iowa 1978). Following a jury verdict for plaintiff, defendant filed timely alternative motions for judgment notwithstanding the verdict and for new trial. On November 15, 1978, the trial court sustained the motion for judgment n. o. v. but declined to rule on the motion for new trial, saying: "In view of the ruling of the Court on Defendant's Motion for Judgment Notwithstanding the Verdict, no ruling is required on Defendant's alternative Motion for a New Trial." The clerk entered judgment against plaintiff pursuant to the court's order.

On November 27, 1978, plaintiff filed a notice of appeal addressed to the adverse judgment. On January 19, 1979, defendant applied to this court for limited remand of the case to permit the trial court to rule on the motion for new trial, and on February 17, 1979, the case was remanded for that purpose. On February 21, 1979, the trial court overruled the motion for new trial, and on March 19, 1979, defendant filed a notice of appeal from that ruling.

■ The jurisdictional problem concerns the timeliness of these procedures. The problem arises because of the trial court's failure to rule on defendant's motion for new trial at the time the motion for judgment n. o. v. was granted. This procedure was contrary to Iowa R.Civ.P. 248(a), which provides:

If the motion for judgment notwithstanding the verdict provided for in rule 243 is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment. In case the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless otherwise ordered by the supreme court. In case the motion for a new trial has been conditionally denied, the appellee on appeal may assert error in that denial; and if the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the supreme court.

In *Recker v. Gustafson*, 271 N.W.2d 738 (Iowa 1978), defendants filed a notice of appeal while a motion of plaintiffs under rule 179(b) for enlargement of the decree was still pending. We held that we were without jurisdiction of the appeal because the decree was not final so long as the rule 179(b) motion was not ruled on. Defendants' appeal in that case was therefore premature. In the present case, the court had not ruled on defendant's motion for new trial when plaintiff's notice of appeal was filed. We must decide whether the appeal was premature as in *Recker*.

We think the situation in this case is materially different. Here the trial court ruled on a post-trial motion for judgment n. o. v. which was dispositive of the merits of the case. The only loose end was the failure of the court to comply with rule 248(a) by conditionally ruling on the motion for new trial. Unlike the situation in *Recker*, the ruling could not affect the judgment. The conditional ruling would have significance only if the judgment were reversed on appeal. *E. g., Paulsen v. Des Moines Union Railway*, 262 N.W.2d 592, 593–94 (Iowa 1978).

Moreover, the test of finality is whether the determination is dispositive of the case, and the intention of the trial court is relevant on that issue. *Flynn v. Lucas County Memorial Hospital*, 203 N.W.2d 613, 614–15 (Iowa 1973). Here the trial court plainly intended to dispose of the case by granting the motion for judgment n. o. v. and holding the motion for new trial to be moot. The court's failure to comply with rule 248(a) does not alter the finality of the disposition. Therefore this case is distinguishable from *Recker*, and plaintiff's appeal was not premature.

It was appropriate for defendant to seek a conditional ruling on the motion for new trial in keeping with rule 248(a). The limited remand procedure of Iowa R.App.P. 12(f) was correctly utilized to obtain the ruling. However, it was unnecessary for defendant to appeal from the adverse ruling on that motion. As provided in rule 248(a), defendant is authorized to assert error in that ruling in resisting plaintiff's appeal. A cross-appeal is not required.

Rule 248(a) is patterned on Fed.R.Civ.P. 50(c), which has the same purpose and effect. *See* Advisory Committee Note to Rule 50, 31 F.R.D. 645, 646 (1962); C. Wright & A. Miller, Federal Practice and Procedure § 2540, at 620 (1971). We need not decide whether defendant could have treated the trial court's original refusal to rule as an adverse ruling on the motion. *Cf. State v. Hephner*, 161 N.W.2d 714, 717 (Iowa 1968) (holding that a request or demand for ruling followed by a refusal or failure to rule is necessary in order to preserve error for appeal when a ruling has not been obtained). Because it was not necessary for defendant to cross-appeal, we also need not decide whether his notice of appeal was timely under Iowa R.App.P. 5(a).

Thus we have jurisdiction of plaintiff's appeal and defendant's assertion of error in the trial court's conditional ruling denying a new trial.

*II. The judgment n. o. v.* Plaintiff alleged in his petition that he was injured as a proximate cause of defendant's negligence while riding in defendant's automobile in the evening of February 20, 1976. He averred he was not a guest in the vehicle within the meaning of the guest statute, § 321.494, The Code. By its verdict, the jury found in his favor on those issues. In sustaining defendant's motion for judgment notwithstanding the verdict, the trial court held that plaintiff failed to adduce sufficient evidence to permit the jury to find he was not a guest in defendant's automobile. Plaintiff contends this ruling was wrong. In resolving the question, we must review the evidence and the applicable law. We view the evidence in its light most favorable to plaintiff, the party against whom judgment n. o. v. was entered. *See Winter v. Honeggers' & Co.*, 215 N.W.2d 316, 321 (Iowa 1974).

Plaintiff Vernon L. Loudon, defendant Morey J. Hill, and Jeff Abel were students at the Eagle Grove campus of Iowa Central Community College during the 1975–76 school year. Plaintiff and Abel were from Creston and roomed together at school. Defendant was from Perry. The three were on the wrestling team and were friends. Plaintiff and Abel took turns keeping cars at school and rode to Creston and back together. Defendant owned a 1962 Mercury automobile which he had with him at school.

On February 20, 1976, plaintiff and Abel intended to go to Creston for the weekend as soon as Abel returned with plaintiff's car from wrestling practice in Fort Dodge. The weather forecast was not good. Defendant wished to go to a high school wrestling meet in Atlantic with his parents but, after calling his father at about 5:00 p. m., decided not to do so because of threatening weather. However, he subsequently decided he would go as far as his home in Perry if plaintiff and Abel would travel that far with him on their way to Creston. He wanted the help of the others if he should encounter trouble either with his automobile or the weather. Defendant and plaintiff agreed that plaintiff would drive defendant's car and follow Abel who would drive plaintiff's car.

Abel subsequently arrived in Eagle Grove. Defendant and plaintiff informed him of their plans, and Abel agreed to drive the lead vehicle. The three agreed that the lights on the second vehicle should be blinked as a signal to stop if that became necessary. The trip commenced, with Abel driving plaintiff's car and plaintiff driving defendant's car. Later, after plaintiff missed a turn west of Stratford, defendant took over the driving of his car. He passed the car driven by Abel and subsequently, in the midst of a snowstorm, drove the right front of the vehicle into a bridge abutment, causing the injuries for which plaintiff brought this suit.

At trial plaintiff testified he remembered nothing from approximately one week before the accident to one month afterward. Abel heard no discussion relating to plaintiff's purpose in being in defendant's car. Called as an adverse witness by plaintiff, defendant testified plaintiff wanted to drive his car because it had a four-speed transmission. Otherwise defendant confirmed the fact the group was traveling together because of defendant's concern about the weather. He acknowledged he would not have made the trip alone.

The case was submitted to the jury under an instruction on the guest statute issue requiring the jury to find that "a substantial factor in motivating the presence of plaintiff in defendant's car was . . . the attainment of some definite tangible objective or purpose of the defendant or was for the mutual, definite and tangible benefit of both the plaintiff and defendant . . . ." In sustaining defendant's motion for judgment n. o. v., the trial court held plaintiff was a guest as a matter of law because he was in defendant's automobile to try out its four-speed transmission rather than to confer any benefit on defendant.

Plaintiff contends the jury could find he was not a guest because his presence in defendant's vehicle was motivated by safety reasons, defendant's concern about his automobile and the inclement weather. In *Zwanziger v. Chicago & Northwestern Railway*, 259 Iowa 14, 23, 141 N.W.2d 568, 573 (1966), this court recognized that such a benefit is sufficient to make the guest statute inapplicable, saying: "The benefit of added safety resultant from presence of additional persons in a motor vehicle on a trip which is unusually hazardous due to inclement weather and difficult driving conditions could certainly be found by the jury to be definite and tangible . . . ." A jury question was held to exist in *Zwanziger* in facts which are analogous to those in this case except for the presence on this journey of a second automobile.

Defendant contends this difference is controlling. He argues that in *Zwanziger*

the benefit was the motive for the plaintiffs' riding in defendant's car, whereas in the present case the benefit was the motive for taking two cars but not for plaintiff's riding in defendant's car. He asserts the benefit would have been the same whether plaintiff rode in defendant's car or his own.

In making this argument, he seizes upon the following language from *Zwanziger:*

Motivation of the parties must be examined, not in connection with the purpose of the trip, but in connection with the purpose of the presence of the passengers or guests in the car at the time the trip was made. The purpose of the trip may be an important circumstance in determining the purpose of the presence of the passengers or guests, [but] it is not necessarily determinative.

*Id.* at 24, 141 N.W.2d at 574. *See also Wharff v. McBride*, 183 N.W.2d 700, 704 (Iowa 1971); *Ross v. McNeal*, 171 N.W.2d 515, 518 (Iowa 1969); *In re Estate of Ronfeldt*, 261 Iowa 12, 19–20, 152 N.W.2d 837, 842 (1967); *Ritter v. Dexter*, 250 Iowa 830, 836, 95 N.W.2d 280, 283 (1959). Our cases support defendant's contention that the motivation for plaintiff's being in defendant's automobile is determinative.

The controlling issue is whether the evidence was sufficient for the jury to find plaintiff's purpose in being in defendant's car was to confer a benefit on him. In resolving that issue the trial court overlooked two important principles. One is that the jury was not obliged to believe defendant's version of plaintiff's reason for being in the car. Evidence need not be believed even when it is not contradicted. *Moser v. Brown*, 249 N.W.2d 612, 616 (Iowa 1977). No one here was in a position to contradict. Abel was not present when the decision was made, and plaintiff could not remember the events. Nor did plaintiff vouch for defendant's testimony by calling him as a witness. *See State v. Trost*, 244 N.W.2d 556, 559–60 (Iowa 1976).

The other principle overlooked by the court is the statement in *Zwanziger*

that the purpose of the trip is "an important circumstance in determining the purpose of the presence of the passengers or guests," although not necessarily determinative. *See* 259 Iowa at 24, 141 N.W.2d at 574.

Under these principles the jury was free to reject defendant's testimony relating to plaintiff's reason for being in his car, and it was free to consider the purpose of the trip in determining what the reason was.

The issue is not, as posed by defendant, whether the purpose of the trip could have been as well served if plaintiff had ridden in his own automobile. We may assume the purpose of the trip would have been equally served by plaintiff's riding in either car. The real issue is whether plaintiff chose to ride in defendant's car as a fortuitous result of the necessity that he ride in one of the cars in order to confer the benefit. If this was the basis of his decision, his presence was reasonably incidental to the purpose of the trip and, as such, part of the process by which the benefit was conferred. Defendant contends plaintiff chose his car only because he wanted to drive it. However, it was for the jury to say whether plaintiff met his burden to prove he was not a guest, and the jury was not obliged to accept defendant's version. If plaintiff's presence in defendant's car was merely a fortuitous result of the means selected by the parties to accomplish the purpose of the trip, it is obvious the guest statute's goals of protecting good Samaritans and preventing collusive suits would not be furthered by shielding defendant from liability for his negligence, and we will not extend the statute to situations beyond its intended reach. *See Zwanziger*, 259 Iowa at 19, 141 N.W.2d at 571; *Bodaken v. Logan*, 254 Iowa 230, 233, 117 N.W.2d 470, 472 (1962).

The fallacy of defendant's analysis is illustrated by its application to Abel if he had been the passenger instead of plaintiff. Under defendant's theory the purpose of the trip would be unaffected by Abel's choice of cars, and therefore he would be a guest in either car despite the fact his presence on the trip may have conferred a benefit on both drivers.

This case is distinguishable from *Guritz v. Foster*, 247 Or. 550, 431 P.2d 6 (1967), relied upon by defendant, in which a plaintiff was held as a matter of law to be a guest despite an argument that she and her husband had conferred a benefit on the defendant by furnishing a second vehicle for the sightseeing trip involved. The distinguishing feature is that the purpose of the trip in *Guritz* was social. Thus, even though the Guritzes furnished a vehicle to facilitate the excursion, the purpose of the trip did not provide a basis for finding Mrs. Guritz was not a guest in the defendant's vehicle. In the present case plaintiff and Abel accompanied defendant for safety rather than social reasons. This provided a basis for the jury to find his presence in defendant's car was incidental to that purpose and thus conferred a definite and tangible benefit.

It would be strange if plaintiff were held to be a guest as a matter of law because he provided an extra car and himself rather than only himself like the passengers in *Zwanziger*. The result would be a denial of recovery for having provided too much help rather than something less. We reject the reasoning which would produce that result. We find plaintiff adduced substantial evidence to show he was not a guest in defendant's car.

Therefore we hold that the trial court erred in granting defendant's motion for judgment notwithstanding the verdict.

**III.** *The motion for new trial.* In moving for new trial, defendant alleged the evidence was insufficient to support jury submission of any of the three specifications of negligence upon which the jury was instructed—speed, lookout, and control.

Defendant asserts the only evidence was that the right side of defendant's vehicle collided with a bridge abutment twelve inches off the roadway during a blinding snow, rain, and sleet storm with swirling and gusting winds. He does not mention that the damage to the vehicle was so severe it was a total loss. He overlooks the

fact the weather conditions had been bad for some time and steadily worsening. He also discounts testimony by Abel concerning an incident which occurred a few minutes before the accident.

Abel testified that when defendant took over the driving of his car from plaintiff he speeded up and passed Abel. In doing so, his vehicle fishtailed. When Abel signaled for defendant to stop and overtook him at a stop sign, he reported his observation to defendant and warned him about the slippery conditions. Abel said defendant told him "it was all right" and drove off at a speed great enough that Abel lost sight of him and did not see him again until he came upon the accident scene. Abel did not believe it was safe to drive faster than forty miles per hour in the circumstances and said defendant was driving faster than that on a slippery surface with deteriorating visibility.

Under the principles which we have recognized in numerous cases, we believe each specification of negligence was supported by substantial evidence. *See Stewart v. Madison,* 278 N.W.2d 284, 286–91 (Iowa 1979); *Schmitt v. Jenkins Truck Lines, Inc.,* 170 N.W.2d 632, 646–49 (Iowa 1969); *Bradt v. Grell Construction, Inc.,* 161 N.W.2d 336, 340–44 (Iowa 1968).

We hold that the trial court did not err in overruling defendant's motion for new trial.

The verdict for plaintiff must be reinstated. We reverse the trial court's ruling on the motion for judgment n. o. v. and affirm the ruling on the motion for new trial.

REVERSED IN PART; AFFIRMED IN PART.