Jack E. MILLS, Appellee,

v.

Helen V. LYON, Appellant.

No. 2–57358.

Supreme Court of Iowa.

March 17, 1976.

Cartwright, Druker & Ryden, Marshalltown, for appellant.

McCarville, Bennett, Beisser & Ferguson, Fort Dodge, for appellee.

Heard by MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON and HARRIS, JJ.

REYNOLDSON, Justice.

This appeal from a plaintiff's judgment in a two-car collision case raises the question whether trial court properly denied defendant's timely jury trial demand on issues of negligence contained in an amendment to defendant's answer. We reverse and remand with directions.

January 2, 1971, plaintiff Jack E. Mills, a United States marshal, was a passenger in his own vehicle being driven by Paul L. Loucks, a deputy United States marshal. Both were on a "prisoner trip" in connection with their official duties. As they were proceeding east on U.S. highway 30 in Tama county, plaintiff's vehicle came into collision with a west-bound auto driven by defendant Helen V. Lyon and allegedly owned by defendant-passengers Robert W. McElroy and Adde C. McElroy.

December 19, 1972, plaintiff filed a suit for personal injury damages. The three defendants filed counterclaims for damages for personal injuries, alleging specific acts of negligence by Loucks for which plaintiff as the vehicle owner would be liable. See § 321.493, The Code. The United States attorney promptly removed the counterclaims to the United States District Court as a matter of right. See 28 U.S.C. §§ 1442, 2679. Defendants then filed an answer in this litigation. It was in essence a general denial and raised no other issues or affirmative defenses.

Plaintiff's certificate of readiness for trial filed March 14, 1973, alleged discovery "will be" completed. Hearing was set for April 25, 1973, on defendants' objections. At hearing date the objections were withdrawn when trial was set for September 10, 1973. Papers in the file indicate no agreement of counsel to limit further pleading or any court order entered pursuant to such an agreement or stipulation. Instruments filed tend to show defendants asserted their right to amend their answer and file jury demand, and plaintiff reserved the right to resist the claimed right to jury trial.

July 23, 1973, defendants filed an amendment to answer adding additional divisions II and III. Division II alleged plaintiff and Loucks were engaged in a joint venture and therefore the latter's acts of negligence (therein specified) were imputed to plaintiff. Division III pled Loucks' specified acts of negligence were the sole proximate cause of the collision.

On the same day defendants filed a jury demand on the issues generated by the amendment, and a separate demand for jury trial on all issues in the litigation. Plaintiff filed resistance. After hearing, trial court's ruling denied a jury trial as to any issue on the ground "the amendment to the answer does not raise such new issue as was not contemplated by the prior pleadings and that the demand for jury trial of all the issues or the issues on the amendment was not timely filed."

Trial to the court resulted in a finding defendant Lyon was negligent, driver of plaintiff's vehicle was free from any negligence, and judgment was entered for plaintiff against defendant Lyon in the sum of $10,513.50 plus interest and costs.

I. Defendant Lyon assigns as error only the ruling of trial court refusing her a jury trial on the negligence issues raised by amendment to her answer.

We are concerned, of course, with the following provisions of rule 177, Rules of Civil Procedure:

"(a) Jury trial is waived if not demanded according to this rule; * * *.

(b) A party desiring jury trial of an issue must make demand therefor by filing a separate instrument clearly designating such demand not later than ten days after the last pleading directed to that issue. * * *.

(c) * * *.

(d) * * *."

Our decisions interpreting rule 177, R.C.P. make it plain a timely jury demand limited to new issues raised by a proper

amendment should be granted. *Universal C.I.T. Credit Corporation v. Jones*, 227 N.W.2d 473, 475 (Iowa 1975); *Hampton v. Burrell*, 236 Iowa 79, 87, 17 N.W.2d 110, 115 (1945); I Vestal & Willson, Iowa Practice § 18.01 at 357–358 (1974). The same interpretation is accorded comparable Federal Rule of Civil Procedure 38(b). *Williams v. Farmers and Merchants Insurance Co.*, 457 F.2d 37, 38 (8 Cir. 1972); 9 Wright & Miller, Federal Practice and Procedure § 2320 at 94–95 (1971); 5 Moore, Moore's Federal Practice ¶¶ 38.39(2), 38.41 (2d ed. 1975).

II. Plaintiff apparently persuaded trial court, and argues here, the amendment did not create a "new issue" within the meaning of rule 177, R.C.P.

■ We agree with trial court as to division III pled in defendant's amendment, alleging Loucks committed acts of negligence which were the sole proximate cause of the collision and plaintiff's injuries. Defendant could have raised these issues under the general denial initially pled. *Dickman v. Truck Transport, Inc.*, 224 N.W.2d 459, 463, 466–467 (Iowa 1974); *Schmitt v. Jenkins Truck Lines, Inc.*, 170 N.W.2d 632, 642 (Iowa 1969). Consequently she created no new jury issue by this division of her amendment.

■ We cannot agree with trial court's holding as it relates to division II of the amended answer. After defendant's counterclaim was removed to federal court, the state court retained no jurisdiction over it. Consequently, allegations of any negligence imputable to plaintiff were no longer in issue in this litigation. In any event, § 619.17, The Code, relates not only to plaintiff's actual negligence but to negligence imputable to plaintiff which must be pled and proved as an affirmative defense. See *Ruan Transport Corporation v. Jacobs*, 216 N.W.2d 182, 184–185 (Iowa 1974); *Cavanaugh v. Jepson*, 167 N.W.2d 616, 621 (Iowa 1969).

The joint venture concept was first raised by allegations of division II of defendant's amendment. Since the driver's negligence

(assuming arguendo it was present in the case before the amendment) is not ordinarily imputable to the passenger, *Everhard v. Thompson*, 202 N.W.2d 58, 60–61 (Iowa 1973), defendant had no basis for the negligence defense contained in division II of her answer until she asserted as an ultimate fact plaintiff and his driver were engaged in a joint venture. This alone added a new issue to the case. See *Stam v. Cannon*, 176 N.W.2d 794, 797 (Iowa 1970). While we need not reach the question here, it has been held a jury trial should be granted where a new legal theory has been added even though no new facts are alleged. *Cataldo v. E. I. Du Pont De Nemours & Co.*, 39 F.R.D. 305 (S.D.N.Y.1966); see I Vestal & Willson, Iowa Practice, supra, at 358–359.

We hold division II of the amendment did inject new issues into this litigation. Defendant's timely filed, limited jury demand should have been granted as to this division.

III. As this case must be reversed we are required to consider its posture on remand. The issues upon which jury trial was waived because no demand was made within the ten day period prescribed by rule 177(b), R.C.P. have already been adjudicated by trial court. Defendant does not contend those issues are not disposed of, nor has plaintiff asserted, in the event of reversal and remand in this appeal, that those issues should be relitigated either to the court or to a jury. If defendant had been accorded a jury trial upon the issues raised by division II of her amendment, that trial would logically have preceded the court's consideration of the issues of defendant's negligence and plaintiff's damages. However, we see no logical reason in these circumstances why this sequence cannot be reversed.

We reverse and remand with directions to submit to a jury, under appropriate instructions, the issues raised by division II of defendant's amendment to answer, including joint venture, negligence and proximate cause. See *Feldhahn v. Van DeVenter*, 253 Iowa 1194, 1197, 115 N.W.2d 862, 864 (1962); *McCarville v. Ream*, 247 Iowa 1, 10–14, 72

N.W.2d 476, 481–483 (1955). If the jury finds for defendant on those issues, trial court shall set aside the judgment previously entered for plaintiff and enter judgment for defendant for costs. If the jury finds for plaintiff the judgment shall stand and shall draw interest from the date entered. Costs on this appeal are taxed to plaintiff.

REVERSED AND REMANDED WITH DIRECTIONS.