Loren RECKER and Mary Recker,
Appellees,

v.

Alvin G. GUSTAFSON and Irene
Gustafson, Appellants.

No. 61176.

Supreme Court of Iowa.

Nov. 22, 1978.

John H. Ehrhart and William D. Martin of Fisher, Yarowsky, Martin, Ehrhart & Redmond, Cedar Rapids, for appellants.

R. L. Donohue of Donohue Law Office, P.C., West Union, for appellees.

Considered by REES, P. J., and UHLENHOPP, HARRIS, ALLBEE and LARSON, JJ.

HARRIS, Justice.

We are obliged to dismiss as premature the appeal by defendants in a land contract dispute. After the trial court decree was entered in their favor, the plaintiffs moved to enlarge the decree under rule 179(b), Rules of Civil Procedure. Before

the trial court could rule on that motion the defendants filed notice of appeal. We have no jurisdiction to entertain the appeal and accordingly dismiss it and remand the case in order for the trial court to rule on the 179(b) motion.

Plaintiffs negotiated for the purchase of a farm from defendants. It is claimed two separate agreements were reached, the second being a modification negotiated when defendants equivocated on the first agreement. Five thousand dollars earnest money was paid by plaintiffs to defendants but no writing was ever executed on either agreement. The parties dispute whether either understanding amounted to a binding contract.

Plaintiffs petitioned for specific performance on the basis of the first agreement. The relief granted by the trial court on September 23, 1977, appears to be on the basis of the first agreement. On September 30, 1977, the plaintiffs filed a motion to enlarge, under rule 179(b) in order to clarify the judgment. Plaintiffs wanted the decree to specify: (1) the liability for crop rents during the course of litigation; (2) the amount upon which interest would be computed and the date from which it was to run; (3) when purchase payments should commence and end; (4) whether a deficiency judgment should be entered in the event of default; and (5) the taxation of costs.

On October 7 defendants filed both a resistance to the motion for 179(b) relief and, on the same day, the notice of appeal herein.

■ I. We recently reviewed some of the principles governing our jurisdiction to entertain an appeal when a 179(b) motion is filed. *Qualley v. Chrysler Credit Corp.*, 261 N.W.2d 466, 468–470 (Iowa 1978). Jurisdiction is a matter that can be raised at any stage of the proceedings and will be claimed by the court on its own motion when appropriate. When we determine we are without jurisdiction, an appeal must be dismissed even though neither party has moved for it.

■ A party may not of right appeal without entry of final judgment. "Final judgment" is a term we have defined many times. A standard definition was quoted in *Helland v. Yellow Freight System, Inc.*, 204 N.W.2d 601, 604 (Iowa 1973):

"A final judgment or decision is one that finally adjudicates the rights of the parties. It must put it beyond the power of the court which made it to place the parties in their original position. A ruling or order is interlocutory if it is not finally decisive of the case. . . ." See also 60 Iowa L.Rev. 630 at 631–632 (February 1975).

■ In Iowa a ruling on a motion to reconsider or set aside a previous order is not appealable. Error, if any, is upon the previous ruling. *Bos Lines, Inc. v. Phillips & Phillips*, 226 N.W.2d 819, 821 (Iowa 1975); *Stover v. Central Broadcasting Co.*, 247 Iowa 1325, 1331, 78 N.W.2d 1, 5 (1956). But the rule does not apply where, as here, timely application under rule 179(b) is filed on a material matter.[1] When a rule 179(b) application is pending prior to the taking of an appeal, the decree to which it is addressed becomes in effect interlocutory until the trial court rules upon the application. Defendants here were without authority to file their notice of appeal because there was no final order to appeal from.

■ We should point out that a dismissal is required only when an appeal is attempted by the *nonmoving* party. We deem application for post-trial relief, such as applications under rule 179(b), to be waived and abandoned when the *moving* party files a notice of appeal. *In re Marriage of Novak*, 220 N.W.2d 592, 596 (Iowa 1974); *Kent Feeds, Inc. v. Stanwood Feed & Grain Co.*, 186 N.W.2d 593, 597 (Iowa 1971); *Pedersen v. Thorn*, 258 Iowa 250, 252, 137 N.W.2d 588, 589 (1965); *State v. Johnson*, 257 Iowa 1052, 1063, 135 N.W.2d 518, 525 (1965).

---

1. The rule is otherwise where the 179(b) application is untimely. In such a case time for appeal runs from original judgment and not from ruling upon the tardy motion. *Qualley v. Chrysler Credit Corp.*, 261 N.W.2d 466, 470 (Iowa 1978).

We are without jurisdiction to entertain the appeal. It is dismissed and the case is remanded for further proceedings.

APPEAL DISMISSED.