**AETNA CASUALTY & SURETY CO., Appellant,**

v.

**INSURANCE DEPARTMENT OF IOWA, Appellee.**

**No. 64841.**

Supreme Court of Iowa.

Dec. 17, 1980.

Rehearing Denied Jan. 9, 1981.

John A. McClintock and David L. Brown, of Hansen, McClintock & Riley, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Fred M. Haskins and Bruce W. Foudree, Asst. Attys. Gen., for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, McCORMICK, ALLBEE and LARSON, JJ.

HARRIS, Justice.

A declaratory ruling of the insurance commissioner must be affirmed unless we change our long established measure of damages for motor vehicles. We decline to do so and affirm the district court's affirmance of the declaratory ruling.

Petitioner insurance company wished to initiate a new method of settling third party claims under the liability portion of its automobile insurance policies. The new method was challenged by the Iowa insurance department because it was inconsistent with Iowa law. Aetna thereafter discontinued the practice but, pursuant to section 17A.19, The Code 1977, and insurance department rule 510–2.2(502.505), Iowa Administrative Code, petitioned for a declaratory ruling by the commissioner. The insurance commissioner, thereafter affirmed by the district court upon judicial review (section 17A.19, The Code 1977), ruled adversely to Aetna.

For more than 50 years our cases on the subject have generally cited *Langham v. Chicago, R. I. & P. R. Co.*, 201 Iowa 897, 901, 208 N.W. 356, 358 (1926), to describe the measure of damages for destroyed or damaged automobiles:

1. When the automobile is totally destroyed, the measure of damages is its reasonable market value immediately before its destruction.

2. Where the injury to the car can be repaired, so that, when repaired, it will be in as good condition as it was before the injury, then the measure of damages is the reasonable cost of repair plus the reasonable value of the use of the car while being repaired, with ordinary diligence, not exceeding the value of the car before the injury.

3. When the car cannot, by repair, be placed in as good condition as it was in before the injury, then the measure of damages is the difference between its reasonable market value immediately before and immediately after the accident.

See *State v. Urbanek*, 177 N.W.2d 14, 16–17 (Iowa 1970).

The petitioner's challenge is to the second of the *Langham* situations. Petitioner starts with "the reasonable cost of repair plus the reasonable value of use of the car while being repaired, with ordinary diligence, not exceeding the value of the car before the injury." To this petitioner would add a further limitation and in this proceeding asks us to adopt it as a part of the measure of damages. The change would add, as another limitation in the second *Langham* situation, the diminution in value of the car caused by the accident unless and until a repair is actually undertaken. The effect would be to compel the car owner to invest from personal funds any amount by which the repairs exceeded the proposed diminution limitation. After repairs were done the company would reimburse the owner.

The petitioner argues that there is an increased tendency on the part of automobile owners to pocket the proceeds from insurance claims and to leave damage unrepaired. The petitioner also complains that independent body shop owners have interjected themselves into negotiating the price of repairs. In the petitioner's view these two developments have increased the costs incurred by the companies, costs which it says "are necessarily being passed on to the consumer in the form of higher insurance premiums."

We are not inclined to disturb the rules set down in *Langham*. We are not persuaded that the rule change proposed by the petitioner would be an improvement. Some savings might result to petitioner. But unnecessary inconvenience and loss would likely result to owners of the damaged vehicles. Some investment of their private funds, as noticed, would be necessary--at least temporarily.

A more serious criticism of the proposed change is that it complicates and blurs the clear and well-understood rule we have applied for over half a century. The market value after the vehicle was damaged would be another estimate, subject to all the uncertainties and disputes inherent in any estimate. These uncertainties and disputes would become added factors in the settlement of claims. We doubt the proposed change would lead to more just or prompt settlements. We are sure the change would not be worth the cost.

We continue to subscribe to the measure of damages set down in *Langham*. So doing we affirm the district court.

AFFIRMED.