**Robert HULSING, d/b/a Bob's Circle Steel, Inc., Appellant and Cross-Appellee,**

v.

**IOWA NATIONAL MUTUAL INSURANCE COMPANY, Appellee and Cross-Appellant.**

No. 66337.

Supreme Court of Iowa.

Jan. 19, 1983.
Rehearing Denied March 10, 1983.

Richard N. Winders and William R. Clark, Jr., of Herrick, Langdon & Langdon, Des Moines, Gregory J. Siemann, and David E. Green, Carroll, for appellant and cross-appellee.

Claire F. Carlson and Greg Knoploh of Kersten, Opheim, Carlson & Trevino, Fort Dodge, for appellee and cross-appellant.

Considered by LeGRAND, P.J., and UHLENHOPP, HARRIS, McGIVERIN and CARTER, JJ.

LeGRAND, Justice.

Plaintiff started this action to recover damages under an insurance policy issued by defendant company. Defendant denied coverage. After trial to the court, a judgment was entered for plaintiff on the question of coverage but *against* him on the question of damages. Both parties have appealed. We reverse on plaintiff's appeal and remand for limited retrial on the question of consequential damages. We dismiss defendant's cross-appeal.

Plaintiff is a sub-contractor in building commercial grain bins. He uses a crane to facilitate lifting and moving heavy material. On May 23, 1975, plaintiff was attempting to lift several large tanks onto a truck. The first tank was moved without incident. While plaintiff was moving the second, however, the crane tipped over, causing the damage for which he now seeks to recover.

The case was tried to the court. After trial, the court first entered judgment for plaintiff on the question of coverage and reserved until later the question of damages. In doing so, the court expressed doubt that plaintiff had proven his damages.

Several weeks later, the court filed "supplemental Findings, Conclusions and Judgment" in which recovery was denied because plaintiff had failed to prove the proper measure of damages.

Plaintiff filed a motion to vacate the judgment on the damage issue and asked for a new trial on that question only. Defendant filed a motion to vacate the judgment relating to coverage and asked for a new trial solely on that matter.

Plaintiff filed notice of appeal before the trial court ruled on either of these post-trial motions. This raises questions of jurisdiction concerning both appeals. We consider them first.

I. *Plaintiff's Appeal.*

Plaintiff's motion to vacate the judgment and for a new trial was filed on January 23, 1981. Before any ruling was made, plaintiff filed his notice of appeal. This operated as a waiver of his motion. *Recker v. Gustafson,* 271 N.W.2d 738, 739 (Iowa 1978). It did not, however, affect *defendant's* pending motion, and ordinarily plaintiff's notice of appeal would be premature prior to a ruling on defendant's motion. *Id.* at 739. We do not believe *Recker* is applicable here for reasons stated in Division II. We hold we have jurisdiction of the principal appeal.

There is, however, another problem with plaintiff's appeal which requires some discussion. It is important because it affects the time within which a cross-appeal could be perfected. Five days *after* plaintiff's notice of appeal, the trial court, apparently unaware that an appeal had been taken, ruled on plaintiff's motion to vacate the judgment and for a new trial. When an appeal is perfected, the trial court loses jurisdiction over the merits of the controversy. *Recker,* 271 N.W.2d 739; *In re Marriage of Novak,* 220 N.W.2d 592, 597 (Iowa 1974). The trial court may, of course, enforce its judgment during appeal unless a supersedeas bond is filed. *Lutz v. Darbyshire,* 297 N.W.2d 349, 352 (Iowa 1980); but that is not the situation in the present case. Here the trial court made a *new* order after the appeal was taken. It could not do so. We disregard plaintiff's motion to vacate and for a new trial because it was waived by the notice of appeal. We disregard the trial court's ruling on the motion because it was made after the appeal was taken, when the trial court had lost jurisdiction.

## II. *Defendant's Cross-Appeal.*

Under Iowa R.App.P. 5(a) defendant could cross-appeal within thirty days from the entry of final judgment or, in any event, within five days from the time plaintiff's appeal was perfected.

The judgment deciding coverage was filed on January 2, 1981; the judgment on damages was filed on January 15, 1981. Plaintiff's appeal was perfected on February 13, 1981. Notice of the cross-appeal was filed on March 2, 1981. This was more than thirty days after either judgment. It was also more than five days after plaintiff's notice of appeal was filed. Thus the notice was not timely under either alternative of Rule 5(a), and we have no jurisdiction over the cross-appeal.

Defendant seeks to rely on *Loudon v. Hill,* 286 N.W.2d 189 (Iowa 1979) as authority for its cross-appeal. *Loudon,* however, does not help defendant because in the present case defendant waived its motion.

The waiver occurred in this way. The trial court conducted a joint hearing on the two motions to vacate and for a new trial. At the hearing, defendant conceded its motion should be considered only if the trial court granted plaintiff a new trial. The colloquy between court and counsel makes it clear that defendant otherwise agreed its motion was "moot".

No doubt if the trial court had ruled on defendant's motion the present procedural tangle would have been avoided. Nevertheless we hold defendant's representations at the hearing amounted to a waiver of its motion unless the trial court granted plaintiff a new trial. When plaintiff's notice of appeal was filed, the trial court was without authority to grant him a new trial. This created the very situation under which defendant had agreed his motion would be moot. We consider this to amount to a waiver. Defendant's failure to file timely notice of cross-appeal requires that we dismiss the cross-appeal.

## III. *Damages.*

The sole question to be resolved on plaintiff's appeal is the proper measure of damages. Plaintiff tried the case on the theory the crane was a total loss. All the evidence concerning damage was premised on that measure of damage. The trial court found this was not the proper standard, and we agree.

When this case was tried, the proper test for assessing damage was as stated in *Aetna Casualty & Surety Co. v. Insurance Department of Iowa,* 299 N.W.2d 484 (Iowa 1978). Since then we have made several significant changes in the rule. *See Long v. McAllister,* 319 N.W.2d 256, 261 (Iowa 1982). The *Long* opinion was filed more than a year after judgment was entered in the present case. By its terms, the modified rule as adopted in that case does not control here. *Id.*

We therefore use *Aetna* to arrive at the proper measure of damages. There we said in pertinent part:

Where the injury to the car can be repaired, so that, when repaired, it will be

in as good condition as it was before the injury, then the measure of damages is the reasonable cost of repair plus the reasonable value of the use of the car while being repaired, with ordinary diligence, not exceeding the value of the car before the injury.

*Aetna Casualty & Surety Co. v. Insurance Department of Iowa,* 299 N.W.2d at 485.

Only if the crane could not be repaired under this rule could plaintiff have recovered under his theory of the case. The measure would then have been either the difference between the value of the crane immediately before the accident and its value immediately after the accident (if it could not be placed in "as good condition" by repair) or its reasonable market value immediately before the accident (if it was totally destroyed). *Id.*

The trial court correctly found plaintiff sought to prove damage as though there had been a total loss without first establishing the crane was not repairable. There is no evidence in the record to show the crane was a total loss. Thus the proper measure of damages was the reasonable cost of repairs plus the reasonable value of the use of the crane during repairs, not exceeding the value of the crane before the accident. There was a complete failure to prove damages in that manner.

■ This, however, does not fully dispose of the damage issue. There were items of consequential damages alleged, including the cost of towing and the cost of "restoring the crane to its upright position." There was evidence presented on these items, and one of defendant's witnesses conceded they were covered under the policy. There was also a questionable claim for attorney fees incurred because defendant denied coverage.

We express no opinion concerning whether these items were proven or, if so, in what amounts. However, we are convinced the trial court did not consider them in ruling on the damage issue. While the consequential damages were slight compared to damage to the crane, they nevertheless, if proven, amounted to several thousand dollars.

Plaintiff was entitled to a ruling on these items. The case must be reversed and remanded for this purpose only.

■ We have held it is proper to reverse for a new trial on only one issue under some circumstances. *Mills v. Lyon,* 240 N.W.2d 189, 191 (Iowa 1976); *Schmatt v. Arenz,* 176 N.W.2d 771, 775 (Iowa 1970). We have also said we should do so "with caution." *Guinn v. Millard Truck Lines, Inc.,* 257 Iowa 671, 684, 134 N.W.2d 549, 558 (1965).

This is a proper case for the application of that rule. The trial court unequivocally found liability. It also found plaintiff had failed to prove damages to the crane. Neither of these matters should be retried. Plaintiff's argument that he should have a full new trial on damages because of newly discovered evidence is without merit. Plaintiff failed, not because evidence was unavailable, but because the case was tried on the wrong theory. This is clear both from the evidence presented and from plaintiff's brief. We therefore remand the case for retrial only on the question of plaintiff's consequential damages.

REVERSED IN PART AND REMANDED WITH INSTRUCTIONS ON PLAINTIFF'S APPEAL.

DEFENDANT'S CROSS–APPEAL DISMISSED.

All Justices concur except UHLENHOPP, J., who dissents.

UHLENHOPP, Justice (dissenting).

I think that defendant has been entrapped by procedure. In the trial court plaintiff won on liability and defendant won on damages. Both parties filed motions for new trial—plaintiff, on damages, and defendant, on liability. Defendant told the trial court that its motion on liability should be considered only if the court sustained plaintiff's motion on damages. If the court had sustained plaintiff's motion, defendant could have appealed. If the court had overruled plaintiff's motion and plaintiff had appealed, defendant could have cross appealed.

Plaintiff, however, did not wait for a ruling on his motion, and appealed. A majority of this court hold that since the trial court did not sustain plaintiff's motion, defendant waived its motion. But defendant's statement that its motion should be considered only if the trial court sustained plaintiff's motion contemplated that the court would *rule* on plaintiff's motion, one way or the other. Hence no waiver occurred when plaintiff appealed before such a ruling.

The scene has simply shifted to this court. Plaintiff is still asking for consideration of the damage question and defendant is still asking for consideration of the liability question. The majority is considering plaintiff's question. Plaintiff should not be able, by the tactic of appealing before the trial court ruled, to deprive defendant of the opportunity to have this court consider the liability question.

I would proceed to the merits of the liability question. If liability does not exist, then the damage question need not be considered. But if plaintiff developed a case on liability, then the damage question would also be considered.