**Norma LEMKE, Appellant,**

v.

**Dean ALBRIGHT and George Remer, Appellees.**

No. 84–1253.

Supreme Court of Iowa.

March 19, 1986.

Robert Kohorst of Louis, Moore, Kohorst, Louis, Murtaugh & Kohorst, Harlan, for appellant.

James R. Van Dyke, Carroll, for appellees.

HARRIS, Justice.

We affirm a trial court judgment entered in favor of the defendants on their counterclaim for damage to crops. Plaintiff, whose cattle entered defendants' land, filed the original action which was separately tried. Plaintiff's original claim is not involved in this appeal. We affirm.

I. The most serious question is a threshold one. Final judgment was entered June 19, 1984. Notice of appeal was filed August 6, 1984, well beyond the thirty days allowed under Iowa rule of appellate procedure 5. Plaintiff, who is the appellant, argues that the time was extended because, on June 29, 1984, she filed a timely motion for new trial in district court. Under rule 5, the filing of such a motion extends the time for notice of appeal until "thirty days after the entry of the ruling on such motion."

After the motion was filed but before it was ruled upon the plaintiff abandoned it by filing the notice of appeal. *See Hulsing v. Iowa National Mutual Insurance Co.*, 329 N.W.2d 5, 6 (Iowa 1983) (appeal operates as waiver of a pending trial court motion); *Recker v. Gustafson*, 271 N.W.2d 738, 739 (Iowa 1978) ("application for post-trial relief ... waived and abandoned when the *moving* party files notice of appeal") (emphasis in original).

Plaintiff explains that she had compelling reasons for appealing. Execution of

the judgment was being attempted and she wanted to post a supersedeas bond to stay the proceedings. Hard pressed by the judgment creditor, she apparently did not feel it necessary to seek an immediate ruling on her motion.

■ A compelling argument can be made that we lack jurisdiction to entertain the appeal. It can be argued that plaintiff, having abandoned her motion, can no longer rely on it to extend her time for appeal beyond the thirty-day period following judgment. On the other hand we can find no gap in plaintiff's right to appeal. It existed from entry of judgment until it was taken. The crux of the matter is that it was only by perfecting this appeal that the post-trial motion was abandoned. It would be illogical to hold that an appeal was abandoned by being perfected. We believe and hold we have jurisdiction.

■ II. Questions on the merits are not close. Iowa Code section 188.2 (1985) requires that "[a]ll animals shall be restrained by the owners thereof from running at large." In *Wenndt v. Latare*, 200 N.W.2d 862 (Iowa 1972) we interpreted section 188.2 as follows:

> [P]roof of the owner's failure to restrain his animals in violation of section 188.2 ... constitutes prima facie evidence of negligence.... Such prima facie evidence of negligence may be rebutted by evidence the owner exercised reasonable and ordinary care in restraining his animals.

*Id.* at 868.

It was clearly established here that plaintiff's animals escaped from her own farm and entered defendants' farm. Contrary to plaintiff's contention, the trial court, sitting as trier of facts, was entitled to reject plaintiff's version of the events and find the presumption had not been rebutted.

We also reject other of plaintiff's assertions, especially that there was not substantial evidence to support the findings of proximate cause and damages.

■ III. The measure of damages for injury to crops was quoted in *Martin v.* *Jaekel*, 188 N.W.2d 331 (Iowa 1971) as follows:

> The measure of damages in a case of injury to growing crops is the difference between the value of the crop immediately before and immediately after the injury, to be ascertained by taking the value at maturity which the crop would have had but for the injury and deducting the value which the injured crop actually had at maturity and deducting, further, any reduction in amount and value of labor and expense attributable to the reduced yield.

*Id.* at 336 (quoting *Cross v. Harris*, 230 Ore. 398, 406, 370 P.2d 703, 707 (1962)).

Both plaintiff and defendants cite the foregoing as the proper measure but dispute whether the trial court properly applied it. Plaintiff's complaint is that the comparison was made on similar tracts (the damaged one and a second one) on the same farm during the year of damage. Plaintiff insists the yield on the damaged tract should have been compared with yields on the same tract in prior years.

We see no reason to reject the showing. Defendants carefully equated the two tracts on the basis of size, soil condition, lay of the land, fertilizer, insects, and weeds. It was not error for the trial court to receive this evidence and to fix damages accordingly.

AFFIRMED.

All Justices concur except REYNOLDSON, C.J., and McGIVERIN, J., who dissent, and LARSON and LAVORATO, JJ., who take no part.

McGIVERIN, Justice (dissenting).

I respectfully dissent from the majority opinion.

I would dismiss the appeal by plaintiff, from a judgment in favor of defendants on their counterclaim, as not being timely filed under our present rules of appellate procedure.

I. *Procedural facts.* Final judgment in favor of defendants on their counterclaim

was entered on June 19, 1984. On June 29 plaintiff timely filed a motion for new trial. Iowa R.Civ.P. 244, 247. On August 6, plaintiff filed a notice of appeal before the district court had ruled on plaintiff's motion for new trial.

II. *Applicable rules and cases concerning timeliness of appeal.* Iowa Rule of Appellate Procedure 5(a) provides in relevant part:

[A]ppeals to the supreme court must be taken *within,* and not after, *thirty days from the entry of* the order, *judgment* or decree, *unless a motion for new trial* ... or a motion as provided in R.C.P. 179'b', is filed, *and then within thirty days after the entry of the ruling on such motion....*

(Emphasis added.)

Thus, as applicable here, rule 5(a) provides that an appeal is timely only if it is taken within thirty days after 1) the entry of judgment, or 2) the entry of the *ruling* on the post-trial motion for new trial, whichever is later.

Here, however, for reasons best known to plaintiff, she decided not to wait for the district court's ruling on her motion for new trial. Instead, plaintiff filed a notice of appeal.

We dismissed as untimely an appeal, where the notice of appeal was filed by a party after having filed an Iowa Rule of Civil Procedure 179(b) motion but without waiting for a ruling on that motion, in *Recker v. Gustafson,* 271 N.W.2d 738 (Iowa 1978). We said:

We deem application for post-trial relief, such as applications under rule 179(b), to be waived and abandoned when the *moving* party files a notice of appeal. *In re Marriage of Novak,* 220 N.W.2d 592, 596 (Iowa 1974); *Kent Feeds, Inc. v. Stanwood Feed & Grain Co.,* 186 N.W.2d 593, 597 (Iowa 1971); *Pedersen v. Thorn,* 258 Iowa 250, 252, 137 N.W.2d 588, 589 (1965); *State v. Johnson,* 257 Iowa 1052, 1063, 135 N.W.2d 518, 525 (1965).

*Id.* at 739.

The holding and language from *Recker* concerning an abandoned rule 179(b) mo-

tion applies equally to an Iowa Rule of Civil Procedure 244 motion for new trial for the purposes of Iowa Rule of Appellate Procedure 5(a). We stated as much in *Hulsing v. Iowa National Mutual Insurance Co.,* 329 N.W.2d 5, 6 (Iowa 1983):

Plaintiff's *motion* to vacate the judgment and *for a new trial* was filed on January 23, 1981. Before any ruling was made, plaintiff filed his notice of appeal. This operated as a waiver of his motion. *Recker v. Gustafson,* 271 N.W.2d 738, 739 (Iowa 1978).

(Emphasis added.)

The result from these cases is that time for appeal in the present case cannot be counted, under the second alternative present in rule 5(a), from the date of ruling on plaintiff's post-trial motion because, in substance, the motion no longer had legal significance and no ruling validly could be made on it.

This, then, under Iowa Rule of Appellate Procedure 5(a) leaves only June 19, the date the judgment was entered, from which to count the thirty days for taking an appeal. Plaintiff's appeal was filed August 6 and, thus, was untimely taken.

Accordingly, plaintiff's appeal should be dismissed. I would not reach the merits of plaintiff's appeal.

III. *The effect of the majority opinion.* Without specifically stating it, the majority opinion would amend or read into Iowa Rule of Appellate Procedure 5(a) a third alternative time by which an appeal would be timely taken. The three times then would be 1) thirty days after entry of judgment, 2) thirty days after entry of ruling on the post-trial motion, or 3) at any time upon filing a notice of appeal after a timely post-trial motion but before ruling on the motion. This third alternative simply does not exist in the present text of rule 5(a).

The solution of the majority to assist counsel for this plaintiff is commendable, but it is not consistent with, or contained in, rule 5(a) or our prior cases interpreting the rule.

In effect, the majority impliedly has amended rule 5(a) and overruled our prior cases without specifically saying so.

If the court desires to amend rule 5(a) to encompass a third alternative for a timely appeal, it should be done by amending the rule in usual manner and not by an abrupt holding that is contrary to rule 5(a), as in the present case.

For these reasons, I would dismiss this appeal as untimely.

REYNOLDSON, C.J., joins this dissent.