# IN THE COURT OF APPEALS OF IOWA

No. 14-0973
Filed June 10, 2015

**PAULA HUPP-TEICHMEIER,**
Petitioner-Appellant,

**vs.**

**ERIC TEICHMEIER,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Mitchell County, James M. Drew, Judge.

Paula Hupp-Teichmeier appeals the district court's order declining to modify the custody arrangement with regard to the parties' minor children. **APPEAL DISMISSED; CASE REMANDED.**

Tara S. Vonnahme of Vonnahme Law, P.C., Sioux City, for appellant.

Kristy B. Arzberger of Arzberger Law Office, Mason City, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, P.J.**

Paula Hupp-Teichmeier (Hupp) appeals the district court's order declining to modify the custody arrangement with regard to the parties' minor children. She asserts the district court improperly concluded no substantial change in circumstances existed such that a modification to the custody arrangement should take place. She also disputes the court's finding that Eric Teichmeier is able to provide superior care. Her final argument asserts the court abused its discretion in awarding Teichmeier $10,000 in attorney fees. Teichmeier, in his cross-appeal, argues the court erred in the following manner: (1) failing to enjoin Hupp from filing further motions until the attorney fees were paid in full; (2) not ordering Hupp to provide information relating to new employment, as well as failing to require the child support be retroactive to the date of her new employment; (3) not ordering Hupp to pay for expenses related to the children's counseling and supervised visitation; and (4) failing to request input from the children in the event of Teichmeier's untimely death. We conclude that, because the district court did not issue a ruling on Teichmeier's motion to amend or enlarge, we lack appellate jurisdiction to address the merits of the parties' claims. Consequently, we dismiss the appeals and remand back to the district court.

The parties were married in April 2003, and had two children together—H.T., born February 2001, and G.T., born December 2003.[1] Their marriage was dissolved on August 13, 2007. In July 2010 the decree was modified with the consent of both parties, granting physical care to Teichmeier. It also set out a

---

[1] They were married in Nebraska, but at the time of the divorce Teichmeier was living with the children in Iowa, though Hupp remained in Nebraska.

suggested visitation schedule in which Hupp was to see the children every third weekend, one month during the summer, and during alternating holidays.

Hupp filed her petition requesting the court modify the custody arrangement on July 3, 2012. Trial on the matter was held on April 21, 22, and May 6, 2014. The district court entered its order on May 14, 2014, declining to modify the custody arrangement. It also established a visitation schedule for the parties to follow. Teichmeier filed a motion to amend or enlarge the court's findings on May 27, 2014, pursuant to Iowa Rule of Civil Procedure 1.904(2). However, a ruling on this motion was never entered. Hupp filed her notice of appeal on June 10, 2014, and Teichmeier filed his notice of cross-appeal on June 19, 2014.

"When a motion to enlarge or amend . . . is pending prior to the taking of an appeal, the decree to which the motion is addressed becomes in effect interlocutory until the court rules upon the motion." *Wolf v. City of Ely*, 493 N.W.2d 846, 848 (Iowa 1992). Thus, the appellate court lacks jurisdiction to address the merits of the appeal when a post-trial motion is pending, that is, when the district court has yet to issue a ruling on the motion but the non-moving party has filed a notice of appeal. *See id.* at 848–49. We note that former Iowa Rule of Appellate Procedure 1(c)—which required automatic dismissal of an improvidently filed notice of appeal—has been softened to allow the appellate court discretion to hear the appeal when it is interlocutory. *See* Iowa R. App. P. 6.104.

In *IBP*, the district court ruled on the plaintiff's motion to amend or enlarge after the notices of appeal and cross appeal were filed. *IBP, Inc. v. Al-Gharib*,

604 N.W.2d 621, 628 (Iowa 2000). Rather than dismissing the case, our supreme court granted the interlocutory appeals, stating, "we see no reason to remand at this point and instead consider the court's ruling to be part of the record on appeal." *Id.* at 630.

Here, however, there is no final district court ruling. Teichmeier filed his 1.904(2) motion on May 27, 2014. Hupp filed her notice of appeal on June 10, before the district court entered a ruling on Teichmeier's motion. Teichmeier, in order to comply with Iowa Rule of Appellate Procedure 6.101(2)(b), was "compelled" to file his notice of cross-appeal within ten days of Hupp's notice of appeal, or risk losing his right to present the issues in his cross-appeal. *See IBP*, 604 N.W.2d at 628–29. He did not waive his post-trial issues. *See id.*

Given this procedural timeline we lack appellate jurisdiction to address the merits of this appeal unless we conclude interlocutory review should proceed. *See Wolf*, 493 N.W.2d at 849. Whether such an appeal may proceed depends on whether there are "substantial rights affected by the ruling or order, why the ruling or order will materially affect the final decision, and why a determination of its correctness before trial on the merits will better serve the interests of justice." *See* Iowa R. App. P. 6.104; s*ee also IBP*, 604 N.W.2d at 628. We therefore dismiss the appeals and remand the case back to the district court so it may issue a ruling on Teichmeier's motion to amend or enlarge, which will then render the order final and confer jurisdiction on the appellate court if notices of appeal and cross-appeal are filed. *See IBP*, 604 N.W.2d at 629; *see also Recker v.*

*Gustafson*, 271 N.W.2d 738, 739 (Iowa 1978) (dismissing the appeal and remanding the case back to the district court).

**APPEALS DISMISSED; CASE REMANDED.**