# IN THE COURT OF APPEALS OF IOWA

No. 15-0401
Filed September 14, 2016

BERNARD J. WIHLM and PATRICIA M. BALEK,
    Plaintiffs-Appellees,

vs.

SHIRLEY A. CAMPBELL, individually and as Executor Of the ESTATE OF JOHN JOSEPH WIHLM, and as Trustee Of the JOHN JOSEPH WIHLM REVOCABLE TRUST dated April 2, 2012 and PARTIES IN POSSESSION,
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo and Franklin

Counties, DeDra L. Schroeder, Judge.


        Appellant appeals from a post-judgment order resolving collateral matters

and enforcing judgment. **AFFIRMED.**



        Michael G. Byrne of Winston & Byrne, P.C., Mason City, for appellant.

        Collin M. Davison of Heiny, McManigal, Duffy, Stambaugh & Anderson,

P.L.C., Mason City, for appellees.



        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

This appeal arises out of a partition action and is interrelated with *Wihlm v. Campbell*, No. 15-0011, 2016 WL _____, (Iowa Ct. App. Sept. 14, 2016). In the related appeal, we reversed the judgment of the district court and remanded the matter to partition in kind certain real property three siblings inherited upon the death of their father. In this appeal, one of the siblings, Shirley Campbell, raises several jurisdictional and procedural challenges to a post-judgment hearing and order in the partition action.

The issues raised in this appeal are largely mooted by the resolution of the related case. To the extent the issues are not mooted, Campbell's arguments are without merit. The district court had subject matter jurisdiction to rule on collateral matters unrelated to the issues on appeal in the related case and to enforce its judgment in the absence of a supersedeas bond. *See* Iowa R. App. P. 6.601; *Gutierrez v. Wal-Mart Stores, Inc.*, 638 N.W.2d 702, 707 (Iowa 2002) ("Under the exception, trial courts 'retain jurisdiction over disputes between the parties which are collateral to the subject matter of the appeal.'" (citation omitted)); *Hulsing v. Iowa Nat'l Mut. Ins. Co.*, 329 N.W.2d 5, 7 (Iowa 1983) ("When an appeal is perfected, the trial court loses jurisdiction over the merits of the controversy. The trial court may, of course, enforce its judgment during appeal unless a supersedeas bond is filed." (citations omitted)). There were no defects or other irregularities related to the post-judgment hearing or order. Finally, we deny the appellees' request for appellate attorney fees. We affirm the district court without further opinion. *See* Iowa Ct. R. 21.26(1)(e).

**AFFIRMED.**