# IN THE COURT OF APPEALS OF IOWA

No. 16-1671
Filed October 11, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TYWON STANTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Johnson County, Lars G. Anderson, Judge.

        Defendant appeals the district court decision denying his motion to quash the garnishment of funds held by the State. **AFFIRMED.**

        John W. Bruzek and Julia C. Zalenski, Assistant State Public Defenders, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Tywon Stanton appeals the district court decision denying his motion to quash the garnishment of funds held by the State. To the extent Stanton is arguing the district court should have granted his motion to return seized property, the district court granted the motion. We find the district court did not err in concluding the State could proceed with garnishment proceedings, although the funds were held by the State as seized property at the time the garnishment proceedings were initiated. Other issues raised by Stanton have not been preserved for our review. We affirm the decision of the district court.

## I.    Background Facts & Proceedings

On April 22, 2015, Stanton was charged with burglary in the third degree in Johnson County, in violation of Iowa Code section 713.6A(1) (2015), for taking cell phones from a business. When Stanton was arrested, he was in possession of $6900, which the State seized. Stanton pled guilty to the charge. He was sentenced to a term of imprisonment not to exceed five years. The sentence was suspended, and Stanton was placed on probation. Of the amount seized, $1825 was applied to fines and restitution in the third-degree burglary case.

Stanton filed a motion on December 15, 2015, for the return of seized property, pursuant to section 809.3.[1] He claimed the State was improperly keeping the funds seized at the time he was arrested. At a hearing on January 13, 2016, the State agreed $2685.31 held by the Iowa City Police Department

---

[1] In the motion, Stanton also sought the return of $12,880, which was seized by the State when he was arrested for probation violations on December 1, 2015.

should be returned to Stanton. An order returning the money to Stanton was entered.

The State then filed a general execution seeking to collect the amount of $2389.69 for unpaid judgments against Stanton based on previous criminal charges. The State filed a notice of garnishment, seeking to collect $2389.69 held by the Iowa City Police Department from the $6900 seized in April 2015.

At a hearing on January 29, 2016, the State agreed it was not making any claim under chapter 809 for the remaining balance of the $6900. The district court granted the motion for return of seized property but stated its ruling did not address the separate issue of whether the State could garnish the funds.

On February 13, 2016, the court determined the State could pursue garnishment of the money. The court stated, "The fact the monies the State seeks to garnish were subject to proceedings under Chapter 809 of the Iowa Code at the time the garnishment was instituted does not bar garnishment proceedings by the State."[2]

Stanton filed a motion to quash the garnishment. He claimed he was a professional gambler and the cash represented amounts he won, which he asserted were the same as earnings, and should therefore be exempt from garnishment under Iowa Code section 642.21 and 15 U.S.C. § 1672(a). The court entered an order on September 8, 2016, denying the motion to quash. The court found, "Defendant's gambling proceeds [are] not subject to the exemption applicable to earnings under either State or Federal Law." The court stated,

---

[2] Stanton filed an application for an interlocutory appeal of the district court's decision. The application was denied by the Iowa Supreme Court.

"Gambling winnings are not compensation paid for personal services and, thus, are not 'earnings' subject to exemption." Stanton appeals the decision of the district court.

## II. Standard of Review

Garnishment proceedings are tried at law, and our review is for the correction of errors at law. *Ellefson v. Centech Corp.*, 606 N.W.2d 324, 330 (Iowa 2000). "The district court's findings of fact are binding upon us if those findings are supported by substantial evidence." *Id.* "However, we are not bound by the district court's legal conclusions." *Id.*

## III. Garnishment

**A.** Stanton claims the $2389.69 the State sought to garnish from the $6900 seized from Stanton in April 2015 should be returned to him under section 809.5. Stanton claims section 809.5(2) requires seized property to be returned to the owner of the property, unless one of the three exceptions in the statute apply. He states none of the provisions apply here, as the law does not prohibit him from possessing cash, there was no forfeiture action on file, and the money was not needed as evidence in a criminal action. *See* Iowa Code § 809.5(2).

At the hearing on January 29, 2016, the following exchange occurred:

> THE COURT: I understand the State is not resisting the Motion to Return Seized Property at this point with respect to the $6,900. Is that correct?
> THE PROSECUTOR: Correct, your Honor.
> THE COURT: That's a separate issue than the garnishment. You are consenting that the property is no longer appropriately seized under Chapter 809 and should be returned to the Defendant; is that correct?
> THE PROSECUTOR: The only caveat being there is $1800 that Mr. Stanton agreed to have taken and applied to his fines. That already happened but that is essentially—We're not claiming

any forfeiture and we're not claiming that it's needed to be continued to be held for an ongoing investigation, and we're not making any claim under 809 at this point.

THE COURT: So the matter that was set for hearing which would be the balance of the $6,900 I can grant that motion; correct? So I'm going to grant the Motion for Return of Seized Property to Mr. Stanton.

That doesn't address the issue of the garnishment, okay, so—It also doesn't address the remaining sums, so I guess what that means is technically the items set for hearing I am resolving without any objection by the State.

The district court entered an order on February 1, 2016, finding the State was not making a claim to the balance of the $6900 under chapter 809, and the court granted Stanton's motion for return of the seized property. The court noted the order did not address the separate issue of whether the State could proceed with garnishment of the funds. To the extent Stanton is arguing the district court should have granted his motion to return seized property, the district court granted the motion. The State and the district court agreed the balance of the $6900 should be returned to Stanton under the terms of section 809.5

**B.** We turn to the issue of whether the State could proceed with garnishment of the funds. Contrary to Stanton's assertions, the issue is not whether chapter 809 permits the garnishment of seized funds because at the time the district court determined the State could proceed with garnishment, the court had already concluded the funds should not be held as seized property under chapter 809. On February 1, 2016, the court ordered the funds should be returned to Stanton, albeit they were not physically returned to him due to the pending garnishment proceedings. The notice of garnishment stated, "You are notified that you have been named garnishee in the above action, and that you are required not to pay any non-exempt funds due or hereinafter to become due

by you to the Judgment Debtor, . . . now or hereafter in your custody or control."
After February 1, 2016, the funds were not held by the State as seized property under chapter 809. Instead, they were held by the State pursuant to the operation of the notice of garnishment and section 642.13.

Furthermore, the fact the State initiated garnishment proceedings while the property was being held as seized property should not bar the garnishment from proceeding. The district court stated, "Essentially, the State elected to institute garnishment proceedings while Chapter 809 proceedings were still pending. There is nothing in the relevant statutes that prohibits such an election. Section 909.6 of the Iowa Code lends support to this."

Section 909.6, concerning judgments arising from criminal fines, provides:

The law relating to judgment liens, executions, and other process available to creditors for the collection of debts shall be applicable to such judgments; provided, that no law exempting the personal property of the defendant from any lien or legal process shall be applicable to such judgments.

The State may collect a judgment against a criminal defendant by garnishment. *See id.* § 642.14A(2)(g) (providing a notice of garnishment should "Inform the defendant that any garnishment for fines imposed on a defendant in a criminal case is subject to section 909.6, including the provision that any law which exempts a person's personal property from any lien or legal process is not applicable for such garnishment"). We find the district court did not err in concluding the State could proceed with garnishment proceedings, although the funds were held by the State as seized property at the time the garnishment proceedings were initiated.

**C.** Stanton raises several constitutional issues on appeal. He raised these issues before the district court, but the court did not rule on them. We conclude Stanton has not preserved error on the constitutional issues he now raises. *See State v. Robinson*, 859 N.W.2d 464, 487 (Iowa 2015) (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.")). Because the constitutional issues have not been preserved for our review, we do not address them.

**D.** In his claim for relief in this case, Stanton requests the return of $15,269.69. The amount sought to be garnished by the State was $2389.69. In the motion for return of seized property, Stanton also requested the return of $12,880, which was seized by the State when he was arrested for probation violations on December 1, 2015.[3]

The arguments Stanton raises on appeal do not address the $12,880, which was not subject to garnishment proceedings. Stanton's arguments concern the State's ability to garnish funds once held as seized property. Stanton's failure to raise an argument addressing the return of the $12,880 waives the issue on appeal. *See* Iowa R. App. P. 6.904(g)(3). Therefore, we do

---

[3] A lien was placed on the $12,880 based on new charges against Stanton in Muscatine County. The Muscatine District Court entered an order placing a restitution lien on the money held by the State and ordered the money be sent to the Muscatine Clerk of Court, to be held in escrow pending the resolution of Stanton's criminal cases in Muscatine County. Based on the court's order, the money was sent to Muscatine County. Stanton pled guilty to the charges against him in Muscatine County. He was ordered to pay restitution of $1007.93 in one of the cases and $14,142.52 in a second case. The Muscatine court ordered the county clerk of court to disburse the funds to pay Stanton's restitution obligations. After the disbursement, there were no remaining funds held in escrow by the Muscatine Clerk of Court.

not address Stanton's request for the return of $12,880, seized on December 1, 2015.[4]

We affirm the decision of the district court.

**AFFIRMED.**

---

[4] Additionally, we question whether the matter of the return of the $12,880 can be raised in this appeal. On July 27, 2016, Stanton filed a motion asking Johnson County to recover his property from Muscatine County to hold until his claims were resolved. The State resisted the motion. Before a hearing was held on the pending motion, the district court entered an order on September 8, 2016, on the motion to quash a garnishment in the other seizure matter. On October 4, 2016, Stanton appealed the court's order of September 8. No final order on the request to return the $12,880 was entered before Stanton filed the present appeal. By appealing prior to a ruling on his motion, Stanton abandoned the motion. *See Lemke v. Albright*, 383 N.W.2d 520, 521 (Iowa 1986) ("After the motion was filed but before it was ruled upon plaintiff abandoned it by filing the notice of appeal.").