# IN THE COURT OF APPEALS OF IOWA

No. 23-0359
Filed September 27, 2023

IN RE THE MARRIAGE OF SARA LYNN CICKAVAGE
AND JESSE QUANAH CICKAVAGE

Upon the Petition of
SARA LYNN CICKAVAGE, n/k/a SARA LYNN JARVIS,
    Petitioner-Appellee,

And Concerning
JESSE QUANAH CICKAVAGE,
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Butler County, Chris Foy, Judge.


Jesse Cickavage appeals the order confirming the award of appellate attorney fees to Sara Jarvis. **RULING VACATED.**


Jesse Q. Cickavage, New Hartford, self-represented appellant.

John J. Wood of Beecher, Field, Walker, Morris, Hoffman & Johnson, P.C., Waterloo, for appellee.


Considered by Greer, P.J., and Schumacher and Badding, JJ.

**GREER, Presiding Judge.**

This appeal is Jesse Cickavage's third in this action that began as a modification of a dissolution decree. *See generally In re Marriage of Cickavage* (*Cickavage I*), No. 21-1492, 2022 WL 1486182 (Iowa Ct. App. May 11, 2022); *In re Marriage of Cickavage* (*Cickavage II*), No. 22-1823, 2023 WL 4103927 (Iowa Ct. App. June 21, 2023). In the first appeal, we affirmed the district court's modification of visitation and injunction rulings and rejected Jesse's suggestion the judge should have recused themself because of unfairness. *Cickavage I*, 2022 WL 1486182, at *4-6. Given those rulings, we remanded the case for the district court to determine and award the appropriate amount of appellate attorney fees to Sara Jarvis, Jesse's ex-wife. *Id.* at *8.

Procedendo from the first appeal issued on July 6, 2022, allowing the district court jurisdiction to enter the fee order. The district court set a hearing for the appellate attorney fee determination, but on August 12, 2022, Jesse filed a petition to vacate attorney fees for lack of subject matter jurisdiction, pointing to the district court's authority to enter its August 25, 2021 ruling in the initial modification action, which included an award of $2000 in trial attorney fees for Sara. Jesse asked that the attorney fee award in that August 2021 ruling be vacated. The problem is that he appealed the fee award in his first appeal, and we found no abuse of discretion and affirmed the district court's determination of the fee in *Cickavage I*. *Id.*

Jesse then asked the district court for a stay of the attorney fee hearing until his petition to vacate was addressed; that request was denied. Not to be deterred, Jesse then moved for recusal by the judge the day before the hearing on the appropriate amount of appellate attorney fees. An in-person hearing was held on

August 29, 2022. Before a ruling issued, Jesse filed a motion to reconsider, enlarge or amend order summarily dismissing petition to vacate attorney fees award for lack of subject matter. In that motion, he asked three questions concerning the authority of the district court:

> a. Where in Iowa Code chapter 598 does it grant the court the authority to modify a child custody order or any of its provisions once established in a final order and decree?
> b. Does the only statutory authority to modify a child custody order or any of its provisions exist only in Iowa Code § 598B.203?
> c. If Iowa Code chapter 598 does not state any authoritative code section permitting child custody modifications, but Iowa Code Chapter 598B does, how can Iowa Code § 598.36 have standing subject matter jurisdiction over attorney fees in a child custody modification?

Next, on November 1, 2022, the district court awarded Sara $8220 in appellate attorney fees (based on our ruling in *Cickavage I*). In its order, the district court also confirmed it had explained to Jesse its reasons for denying the motions to stay, his motion to reconsider, and the motion to recuse along with the denial of Jesse's petition to vacate attorney fees at the hearing. Two days later, Jesse appealed for the second time, noting that he was "appealing from the district court's dismissal of his petition to vacate attorney fees award filed by order of the court on August 20, 2022, and its subsequent denial of the motion to reconsider, enlarge or amend entered November 3, 2022."[1] In response to the appellate attorney fee award, Jesse then filed another motion for reconsideration on November 16, requesting that the district court reconsider, enlarge, or amend the November 1,

---

[1] There was no November 3, 2022 ruling. We assume Jesse was referring to the district court's November 1, 2022 order awarding appellate attorney fees.

2022 ruling over the appellate fee award, and he also renewed his motion for the judge to recuse themself.

The next activity at the district court level occurred on January 31, 2023, when, several months before Jesse's second appeal was resolved, the district court denied Jesse's November 16 motion to reconsider over the same appellate fee issue, noting that the arguments in Jesse's motion "generally repeat and rehash those he has made before." The district court also again addressed Jesse's recusal arguments and denied any relief on that issue, following what was said by the district court at the August 29 hearing (leading up to the November 1 ruling). In response to that January 2023 ruling, on March 2, 2023, Jesse appealed for the third time, which is the appeal currently before us. At the time, Jesse's second appeal was still pending. It was not until June 21, 2023, that our court affirmed the district court's determination of appellate attorney fees and awarded Sara an additional $1125 in appellate attorney fees for work performed on that second appeal. *Cickavage II*, 2023 WL 4103927, at *1. And, after our supreme court denied Jesse's application for further review, procedendo issued on the second appeal on August 16, 2023.

So, because Jesse's third appeal targets the district court's January 2023 order involving Jesse's rehash of the appellate attorney fee issue and his request for recusal of the judge, we examine whether the district court had jurisdiction at the time it issued the January 2023 ruling—as Sara contends it lacked—or if we are to reach any of the merits. We conclude the court lacked jurisdiction and, accordingly, its January 2023 ruling from which Jesse appeals is a nullity without legal effect. *See State v. Hillery*, 956 N.W.2d 492, 501 (Iowa 2021) (concluding

the district court's "ruling is a nullity" when "it was filed the day after we granted discretionary review and thereby divested the district court of jurisdiction"); *see State v. Mallett*, 677 N.W.2d 775, 776 (Iowa 2004) ("We do not dismiss the appeal because the issue is not a lack of jurisdiction in this court but rather the lack of jurisdiction of the district court."); *see also Opat v. Ludeking*, 666 N.W.2d 597, 606 (Iowa 2003) ("'A void judgment is one that, from its inception, is a complete nullity and without legal effect. A judgment is void when the court lacks jurisdiction of the parties or of the subject matter, lacks the inherent power to make or enter the particular order involved, or acts in a manner inconsistent with due process of law.'" (citations omitted)).

At the onset, we note that Jesse filed his second appeal on November 3, 2022, and procedendo did not issue until August 16, 2023. And when Jesse filed his November 3, 2022 notice of appeal, the district court was divested of its jurisdiction over the merits of the action. *See Gutierrez v. Wal-Mart Stores, Inc.*, 638 N.W.2d 702, 706-07 (Iowa 2002) ("[A] trial court loses jurisdiction over the merits of a controversy once the notice of appeal is perfected.") (quoting *Shedlock v. Iowa Dist. Ct.*, 534 N.W.2d 656, 658 (Iowa 1995)); *see also Hulsing v. Iowa Nat'l Mut. Ins. Co.*, 329 N.W.2d 5, 7 (Iowa 1983) ("When an appeal is perfected, the trial court loses jurisdiction over the merits of the controversy."). Thus, when the district court filed its January 2023 ruling that Jesse now challenges in this third appeal, the district court was without jurisdiction to do so.

Likewise, once an appeal is perfected before a ruling on the motion to reconsider, that motion is abandoned. *See IBP, Inc. v. Al-Gharib*, 604 N.W.2d 621, 628 (Iowa 2000) (holding that an appellant is deemed to have waived and

abandoned the post-trial motion once the appeal is perfected); *see also Postma v. City of Orange City, Iowa*, No. 00-1935, 2002 WL 984508, at *1 (Iowa Ct. App. May 15, 2002) (refusing to address the motion to amend or reconsider once the notice of appeal was filed). Thus, because the district court did not have jurisdiction to rule on any issues related to the appellate attorney fee issue pending before our court on appeal, the January 2023 ruling is void.

Jesse's second and this third appeal both address the attorney fee awards by the district court—although packaged in different arguments. Our court addressed the fee issue in each of our decisions and affirmed the district court's rulings as to the trial fees and the appellate fees. *Cickavage II*, 2023 WL 4103927, at *1; *Cickavage I*, 2022 WL 1486182, at *8. So that "attorney fee" ship has sailed. *See Bahl v. City of Asbury*, 725 N.W.2d 317, 321 (Iowa 2006) (noting "issues decided by an appellate court generally cannot be reheard, reconsidered or relitigated").

Jesse raised one other issue on his third appeal: the requested recusal of the trial judge. In his recusal motion and in his arguments at the hearing on the appellate attorney fees, Jesse argued that the trial judge should not decide the amount of appellate attorney fees, rehashing a theme from his first appeal. While a district court can retain jurisdiction over collateral issues not affecting the subject matter of the appeal, *State v. Jose*, 636 N.W.2d 38, 46 (Iowa 2001), here, Jesse's second issue in the appeal—recusal of the trial judge—is entrenched in the directions we detailed in *Cickavage I*—that this judge should make the fee determination. *See* 2022 WL 1486182, at *8. And in any event, like the appellate attorney fee issue we have already decided, we issued an opinion related to the

recusal question. We earlier found no issue with the fairness of the proceedings with this judge and even the alleged reasons for recusal Jesse references in his pleadings and arguments in 2022 predate the first appeal. *See id.* at \*6. In other words, Jesse does not raise new facts or issues allegedly requiring recusal by the judge; he continues to offer the same reasons we have already ruled upon and rejected. Under the law-of-the-case doctrine, "an appellate decision becomes the law of the case and is controlling on both the trial court and on any further appeals in the same case." *United Fire & Cas. Co. v. Iowa Dist. Ct.*, 612 N.W.2d 101, 103 (Iowa 2000) (citing *Springer v. Weeks & Leo Co.*, 475 N.W.2d 630, 632 (Iowa 1991)). We have decided this issue, and our decision stands.

Therefore, in January 2023, the district court did not have jurisdiction over the case when it considered the November 16 motion to reconsider and we will not consider an appeal from that ruling as it is vacated. *See State v. Grant*, 614 N.W.2d 848, 852 (Iowa Ct. App. 2000) (finding that a district court ruling entered after an appeal was filed may not be considered on appeal). For these reasons, we vacate the November 16 order and our previous decisions still stand. We deny Sara's request for appellate attorney fees related to this third appeal.

**RULING VACATED.**